# SUMMONS ISSUED

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------- X

ZURIEL B. HENNINGHAM, and JERMONE
POINTER,

**COMPLAINT**

Plaintiffs,

-against-

CV 11 - 4475

THE CITY OF NEW YORK; LT. K. KELLY-
DORIAN; DET. CUMBERBATCH; and P.O.
JOHN/JANE DOES # 1-10; the individual
defendant(s) sued individually and in
their official capacities,

ECF Case

Jury Trial Demanded

Defendants.

----------------------------------------- X

JOHNSON,
POLLAK, M.J

**PRELIMINARY STATEMENT**

1.    This is a civil rights action in which plaintiffs
seek relief for the violation of plaintiffs' rights secured by
42 U.S.C. § 1983; and the First, Fourth, Fifth, Sixth, and
Fourteenth Amendments to the United States Constitution, and the
laws of the State of New York.  Plaintiffs' claims arise from an
incident that arose on or about October 2, 2010.  During the
incident, the City of New York, and members of the New York City
Police Department ("NYPD") subjected plaintiffs to, among other
things, excessive force, assault and battery, false arrest,
unlawful search and seizure, retaliation for free speech,
unlawful strip-search, fabricated evidence, malicious
prosecution, denial of a fair trial, gross negligence,

intentional and negligent infliction of emotional distress,
negligent hiring and retention, supervision, training and
instruction of incompetent and unfit employees, and
implementation and continuation of an unlawful municipal policy,
practice, and custom. Plaintiffs seek compensatory and punitive
damages, declaratory relief, an award of costs and attorney's
fees, pursuant 42 U.S.C. §§ 1988, and such other and further
relief as the Court deems just and proper.

## JURISDICTION & VENUE

2.    This action is brought pursuant to 42 U.S.C. §
1983, and the First, Fourth, Fifth, Sixth, and Fourteenth
Amendments to the United States Constitution. Jurisdiction is
conferred upon this Court by the aforesaid statutes and 28
U.S.C. §§ 1331 and 1343.

3.    Plaintiff invokes the supplemental jurisdiction
of this Court pursuant to 28 U.S.C. § 1367 to hear and decide
claims arising under state law. Plaintiffs' notice of claim
were duly filed on defendant City of New York within 90 days of
the incident at issue, more than 30 days have elapsed since such
filing and the City of New York has refused to settle
plaintiffs' claims. Moreover, this action has been filed within
one year and 90 days of the incidents that are the basis of this

2

claim.  Plaintiffs have satisfied all conditions precedent for the filing of this action.

4.    Venue is proper here pursuant to 28 U.S.C. § 1391 because some of the acts in question occurred in Kings County, and the City of New York is subject to personal jurisdiction in the Eastern District of New York.

## PARTIES

5.    Plaintiff Jerome Pointer, an African American, is a resident of the State of New York, Kings County.

6.    Plaintiff Zuriel B. Henningham, an African American, is a resident of the State of New York, Kings County.

7.    At all times alleged herein, defendant City of New York was a municipal corporation organized under the laws of the State of New York, which violated plaintiffs' rights as described herein.

8.    At all times alleged herein, defendant Lieutenant K. Kelly-Dorian was a New York City Police Officer employed with the "NBBN", "77 Command", and/or 73rd Precinct, located in Kings County, New York or other as yet unknown NYPD assignment, who violated plaintiffs' rights as described herein.

9.    At all times alleged herein, defendant Detective V. Cumberbatch was a New York City Police Officer employed with the "NBBN", "77 Command", and/or 73rd Precinct, located in Kings

3

County, New York or other as yet unknown NYPD assignment, who violated plaintiffs' rights as described herein.

10.    At all times alleged herein, defendants P.O. John/Jane Does # 1-10 were New York City Police Officers employed with the "NBBN", "77 Command", and/or 73rd Precinct, located in Kings County, New York or other as yet unknown NYPD assignment, who violated plaintiffs' rights as described herein.

11.    The individual defendants are sued in their individual and official capacities.

## STATEMENT OF FACTS

12.    On October 2, 2010, at and in the vicinity of 1492 Park Place, Brooklyn, New York, and the 73rd Precinct, Brooklyn, New York, several police officers operating from the 71st Precinct, including upon information and belief, defendants Lt. Kelly-Dorian, Det. Cumberbatch, P.O. John/Jane Does # 1-10, at times acting in concert, and at times acting independently, committed the following illegal acts against plaintiffs.

13.    On October 2, 2010, at approximately 8:00 p.m., at and in the vicinity of 1492 Park Place, Brooklyn, New York, defendants Lt. Kelly-Dorian, Det. Cumberbatch, P.O. John/Jane Does # 1-10, without either consent, an arrest warrant, a lawful search warrant, probable cause, or reasonable suspicion that

4

plaintiffs (or any third person) had committed a crime unlawfully arrested the plaintiffs.

14.    Plaintiffs were near a neighborhood grocery store, when the defendant officers suddenly pulled up at them in an unmarked police van.

15.    Once the defendant officers approached them, they were not free to disregard their questions, walk away or leave the scene.

16.    The defendant officers grabbed Zuriel, and forced him against a nearby building.

17.    Zuriel asked why he was being arrested, but the defendants yelled at him to shut up, and yanked and wrenched his arms behind his back, before placing excessively tight handcuffs on his wrists.

18.    The defendant officers pat-frisked and searched Zuriel at the scene, but found no controlled substances, weapons, or contraband on his person.

19.    The defendant officers similarly grabbed Jerome and threw him against a nearby building.  They held him tightly against a wall, and violently twisted his hands behind his back, before placing excessively tight handcuffs on his wrists.

20.    Jerome complained, telling the defendant officers that he had not committed any crime, but they ignored him and spun him around, pat-frisked and searched him.

21.    No controlled substances, weapons, or contraband was recovered during this search.

22.    However, the defendant officers took approximately $100 from Jerome and later falsely claimed that they were proceeds from a drug sale. The defendant officers ignored the paystubs in his pocket that showed he was employed.

23.    Jerome asked why he was being arrested, but the defendant officers ignored him, and were rude and abusive.

24.    People began congregating and looking at what was going on, and Zuriel called out to a neighbor to get his family, which she did.

25.    Zuriel family came to scene and demanded to know why he was being arrested. The defendant officers ignored them.

26.    The defendant officers threw Zuriel and Jerome into a van, where Jerome complained about the tightness of the handcuffs, but the defendant officers ignored him.

27.    The individual defendant officers did not have an objective and/or reasonable basis to use any degree of force against the plaintiffs, since plaintiffs were unarmed, compliant, and did not resist arrest.

28.   These acts of force against plaintiffs were malicious, gratuitous, unnecessary, and without unlawful authority or cause.  Those defendants who did not touch them, witnessed these acts, but failed to intervene and protect plaintiffs from this conduct.

29.   The defendant officers then drove off with the plaintiffs, keeping in the van for more than an hour, before taking them to the 73rd Precinct for arrest processing.

30.   Plaintiff was physically injured as a result of the excessive use of force.

31.   The defendant officers transported plaintiff to the 73rd Precinct, where they publicly strip-searched the plaintiffs, making them expose their genitals and squat.  Their strip searches occurred in a cell and not a private area, and in front of each other.

32.   The plaintiffs were eventually removed to Brooklyn Central Booking for arraignment.

33.   In order to cover up their illegal actions, the defendant officers, pursuant to a conspiracy, falsely and maliciously told the Kings County District Attorney's Office that the plaintiffs had committed various crimes.

34.    The defendants made these false allegations, despite the fact that they had no evidence that plaintiffs had committed a crime.

35.    The charges against Jerome were dismissed at arraignment, and the case against him terminated in his favor.

36.    However, the case against Zuriel continued, and he was arraigned, made bail, and released from custody.

37.    The criminal case terminated in Zuriel's favor on January 12, 2011, when the grand jury dismissed the case against him in its entirety.

38.    The individual defendants acted in concert in committing the above-described illegal acts against the plaintiffs.

39.    The plaintiffs did not resist arrest at any time during the above-described incident.

40.    The plaintiffs did not violate any law, regulation, or administrative code; commit any criminal act; or act in a suspicious or unlawful manner prior to or during the above-described incident.

41.    The individual defendants did not observe the plaintiffs violate any law, regulation, or administrative code; commit any criminal act; or act in a suspicious or unlawful manner prior to or during the above-described incident.

42.    The individual defendants acted under pretense and color of state law and their individual and official capacities and within the scope of their employment.  Said acts by said defendants were beyond the scope of their jurisdiction, without authority or law, and in abuse of their powers, and said defendants acted willfully, knowingly, and with the specific intent to deprive plaintiffs of their rights.

43.    As a direct and proximate result of the defendants' actions plaintiffs experienced personal and physical injuries, pain and suffering, fear, an invasion of privacy, psychological pain, emotional distress, mental anguish, embarrassment, humiliation, and financial loss.

44.    Plaintiffs are entitled to receive punitive damages from the individual defendants because the individual defendants' actions were motivated by extreme recklessness and indifference to plaintiffs' rights.

### FIRST CLAIM

### (UNLAWFUL SEARCH AND SEIZURE UNDER FEDERAL LAW)

45.    Plaintiffs repeat and reallege all the foregoing paragraphs as if the same were fully set forth at length herein.

46.    Defendants unlawfully stopped and searched plaintiffs without a warrant, or consent.

47.    Accordingly, defendants are liable to plaintiffs for unlawful search and seizure under 42 U.S.C. § 1983; and the Fourth and Fifth Amendments to the United States Constitution.

## SECOND CLAIM

### (UNLAWFUL SEARCH AND SEIZURE UNDER STATE LAW)

48.    Plaintiffs repeat and reallege all the foregoing paragraphs as if the same were fully set forth at length herein.

49.    Defendants unlawfully stopped and searched plaintiffs without a warrant, or consent.

50.    Accordingly, defendants are liable to plaintiffs for unlawful search and seizure under New York State law.

## THIRD CLAIM

### (FALSE ARREST UNDER FEDERAL LAW)

51.    Plaintiffs repeat and reallege all the foregoing paragraphs as if the same were fully set forth at length herein

52.    Defendants falsely arrested plaintiffs without consent, an arrest warrant, a lawful search warrant, probable cause, or reasonable suspicion that plaintiffs had committed a crime.

53.    Accordingly, defendants are liable to plaintiffs for false arrest under 42 U.S.C. § 1983; and the Fourth and Fifth Amendments to the United States Constitution.

10

## FOURTH CLAIM

### (FALSE ARREST UNDER STATE LAW)

54.   Plaintiffs repeat and reallege all the foregoing paragraphs as if the same were fully set forth at length herein.

55.   Defendants falsely arrested plaintiffs without consent, an arrest warrant, a lawful search warrant, probable cause, or reasonable suspicion that plaintiffs had committed a crime.

56.   Accordingly, defendants are liable to plaintiffs for false arrest under New York State law.

## FIFTH CLAIM

### (EXCESSIVE FORCE)

57.   Plaintiffs repeat and reallege all the foregoing paragraphs as if the same were fully set forth at length herein.

58.   The individual defendants' use of force upon plaintiffs, as described herein, and the individual defendants' failure to intervene, was objectively unreasonable.

59.   Accordingly, defendants are liable to plaintiffs for using unreasonable and excessive force, pursuant to 42 U.S.C. § 1983; and the Fourth and Fifth Amendments to the United States Constitution.

11

## SIXTH CLAIM

### (ASSAULT)

60.    Plaintiffs repeat and reallege all the foregoing paragraphs as if the same were fully set forth at length herein.

61.    Among other things as described above, defendants' search and seizure, battery, false arrest, and excessive use of force against plaintiffs placed them in fear of imminent harmful and offensive physical contacts.

62.    Accordingly, defendants are liable to plaintiffs under New York State law for assault.

## SEVENTH CLAIM

### (BATTERY)

63.    Plaintiffs repeat and reallege all the foregoing paragraphs as if the same were fully set forth at length herein.

64.    Among other things as described above, defendants' search and seizure, false arrest, and excessive use of force against plaintiffs were illegal physical contacts.

65.    Accordingly, defendants are liable to plaintiffs under New York State law for battery.

## EIGHTH CLAIM

### (RETALIATION)

66.    Plaintiffs repeat and reallege all the foregoing paragraphs as if the same were fully set forth at length herein.

67.    Plaintiffs exercised free speech during the incident by, among other things, demanding that the individual defendants produce a warrant to enter the property and demanding that they leave the property.

68.    Plaintiffs' use of free speech was a motivating factor in the individual defendants' decision to enter their property, use excessive force against them, and falsely arrest them.

69.    Accordingly, the individual defendants are liable to plaintiffs under the First Amendment to the United States Constitution.

## NINTH CLAIM

### (MALICIOUS PROSECUTION CLAIM UNDER FEDERAL LAW)

70.    Plaintiffs repeat and reallege all the foregoing paragraphs as if the same were fully set forth at length herein.

71.    The individual defendants are liable to plaintiffs for malicious prosecution because, pursuant to a conspiracy and acting with malice, the defendants initiated malicious prosecution(s) against plaintiffs by knowingly, intentionally, and maliciously providing false statements to prosecutors and/or the court(s), which alleged plaintiffs had committed various crimes.

72.    The individual defendants lacked probable cause to believe the above-stated malicious prosecution(s) could succeed.

73.    The individual defendants acted to cover up their illegal and unconstitutional conduct by initiating the above-stated malicious prosecution(s).

74.    The above-stated malicious prosecution(s) caused a sufficient post-arraignment liberty restraint on plaintiff.

## TENTH CLAIM

### (MALICIOUS PROSECUTION CLAIM UNDER STATE LAW)

75.    Plaintiffs repeat and reallege all the foregoing paragraphs as if the same were fully set forth at length herein.

76.    The individual defendants are liable to plaintiffs for malicious prosecution because, pursuant to a conspiracy and acting with malice, the defendants initiated malicious prosecution(s) against plaintiffs by knowingly, intentionally, and maliciously providing false statements to prosecutors and/or the court(s), which alleged plaintiffs had committed various crimes.

77.    The individual defendants lacked probable cause to believe the above-stated malicious prosecution(s) could succeed.

78.    The individual defendants acted to cover up their illegal and unconstitutional conduct by initiating the above-stated malicious prosecution(s).

### ELEVENTH CLAIM

### (FABRICATED EVIDENCE)

79.    Plaintiffs repeat and reallege all the foregoing paragraphs as if the same were fully set forth at length herein.

80.    The defendants are liable to plaintiffs because they intentionally conspired to fabricate evidence against them, depriving them of liberty without due process of law.

81.    In addition, the defendants used and presented the fabricated evidence to prosecute plaintiffs.

82.    Further, the defendants were on notice that creating fabricated evidence is a clear violation of law because it well established that police officer who knowingly use false evidence to obtain a conviction act unconstitutionally.

83.    Furthermore, the defendants violated the law by making false statements of fact in a certification for determination of probable cause and/or a conviction, because they performed a function of a complaining witness.

### TWELFTH CLAIM

### (DENAIL OF A FAIR TRIAL)

15

84.    Plaintiffs repeat and reallege all the foregoing paragraphs as if the same were fully set forth at length herein.

85.    The individual defendants are liable to plaintiffs because they intentionally created false information likely to influence a fact finder's or jury's decision and forwarded that information to prosecutors, a grand jury, and/or court, and presented that information to a jury, thereby violating plaintiffs' constitutional right to a fair trial, and the harm occasioned by such an unconscionable action is redressable in an action for damages under 42 U.S.C. § 1983.

### THIRTEENTH CLAIM

### (NEGLIGENT SUPERVISION, HIRING, MONITORING TRAINING AND RETENTION OF UNFIT EMPLOYEE)

86.    Plaintiffs repeat and reallege all the foregoing paragraphs as if the same were fully set forth at length herein.

87.    Defendant City of New York is liable to plaintiffs because the occurrence and injuries sustained by plaintiffs, were caused solely by, and as a result of the malicious, reckless, negligent, and/or intentional conduct of defendant City of New York, and the NYPD, its agents, servants and/or employees, as set forth above, without provocation on the part of plaintiffs contributing thereto, specifically, the negligent and reckless manner in which said defendant hired,

16

trained, supervised, controlled, managed, maintained, inspected and retained its police officers.

## FOURTEENTH CLAIM

**(INTENTIONAL AND NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS)**

88.   Plaintiffs repeat and reallege all the foregoing paragraphs as if the same were fully set forth at length herein.

89.   That by virtue of the occurrence and defendants, individually and/or by their agents, servants and/or employees, negligently and/or intentionally inflicted emotional harm upon plaintiffs.

90.   The defendants' actions against plaintiffs were extreme and outrageous and caused plaintiffs severe emotional distress.

91.   The defendants breached a duty owed to the plaintiffs that either unreasonably endangered plaintiffs' physical safety, or caused the plaintiffs to fear for their own safety.

## FIFTHTEENTH CLAIM

**(NEGLIGENCE AND GROSS NEGLIGENCE)**

92.   Plaintiffs repeat and reallege all the foregoing paragraphs as if the same were fully set forth at length herein.

17

93.    Defendants are liable to plaintiffs because defendants owed plaintiffs a cognizable duty of care as a matter of law, and breached that duty.

## SIXTEENTH CLAIM

### (MONELL CLAIM)

94.    Plaintiffs repeat and reallege all the foregoing paragraphs as if the same were fully set forth at length herein.

95.    Defendant City of New York, through a policy, practice and custom, directly caused the constitutional violations suffered by plaintiffs.

96.    Upon information and belief, defendant City of New York, at all relevant times, was aware that the defendants are unfit officers who have previously committed the acts alleged herein, have a propensity for unconstitutional conduct, or have been inadequately trained.

97.    Nevertheless, defendant City of New York exercised deliberate indifference by failing to take remedial action.  The City failed to properly train, retrain, supervise, discipline, and monitor the individual defendants and improperly retained and utilized them.  Moreover, upon information and belief, defendant City of New York failed to adequately investigate prior complaints filed against the individual defendants.

98.   Further, defendant City of New York was aware prior to the incident that the individual defendants (in continuation of its illegal custom, practice and/or policy) would enter the houses of individuals without warrants or exigent circumstances.

99.   In addition, the following are municipal policies, practices and customs: (a) arresting innocent individuals, based on a pretext, (b) fabricating evidence against individuals, (c) using excessive force against individuals, (d) retaliating against individuals who engage in free speech, and (f) publicly strip searching people.

### SEVENTEENTH CLAIM

### (RESPONDEAT SUPERIOR)

100.   Plaintiffs repeat and reallege all the foregoing paragraphs as if the same were fully set forth at length herein.

101.   The individual defendants were acting within the scope of their employment as New York City Police Officers when they committed the above described acts against plaintiffs, including falsely arresting, assaulting, and battering plaintiffs.

102.   The City of New York is therefore vicariously liable under New York State law for the aforesaid torts.

19

**WHEREFORE**, plaintiffs demand a jury trial and the following relief jointly and severally against the defendants:

a.    Compensatory damages in an amount to be determined by a jury;

b.    Punitive damages in an amount to be determined by a jury;

c.    Costs, interest and attorney's fees, pursuant to 42 U.S.C. § 1988; and

d.    Such other and further relief as this Court may deem just and proper, including injunctive and declaratory relief.

DATED:    New York, New York
          August 17, 2011

MICHAEL O. HUESTON, ESQ.
*Attorney for Plaintiffs*
350 Fifth Avenue, Suite 4810
New York, New York 10118
(212) 643-2900
mhueston@nyc-rr.com
By:

MICHAEL O. HUESTON